LILLIAN KRUSE, individually and as executrix under the last will and testament of Sophie Brinkman, deceased, et al., respondents,

*v.*

CHARLES MEISSNER, appellant.

[Submitted October 27th, 1944. Decided January 19th, 1945.]

On appeal from a decree of the Court of Chancery advised by Vice-Chancellor Egan, who filed the following opinion:

"The decedent, Sophie Brinkman, unmarried, died August 31st, 1943. She left a last will and testament which was admitted to probate before the surrogate of Hudson County on September 17th, 1943. The defendant herein was one of the two witnesses to the will, in and by the fourth paragraph thereof, she provided: 'I give and bequeath to my nieces, Lillian Kruse and Anna Schweer, my house consisting of land and building at 1235 Garden Street, in the City of Hoboken, New Jersey.'

"Two days after executing the will, or on May 6th, 1941, she executed a codicil to her will by which she, among other things, provided: 'I bequeath to my friend, Charles Meissner,

of Hoboken, New Jersey, the following: First, during his lifetime, the right to occupy and enjoy the use of my house at 1235 Garden Street, Hoboken, New Jersey, without cost or hindrance to him in any way. This bequest to be made a binding condition upon those to whom my will directs the said house to be given.'

"A construction of the will and codicil is sought.

"The premises involved consist of a three-story and basement brick dwelling, originally constructed as a one-family house; it was subsequently converted into a building for two families. The upper apartment is occupied by a monthly tenant paying $38 per month with heat provided; the remaining apartment had been occupied by the decedent at the time of her death. The premises are encumbered by a mortgage for $1,000, with interest at the rate of six per cent. per annum.

"The defendant collects and claims the rent. He contends that under the provisions of the codicil he is not required to pay any of the operating or maintenance charges of the premises, such as taxes, mortgage interest, water rents, insurance premiums, fuel and repairs, &c. His contention, in my opinion, is baseless, fantastic and inequitable.

"The law is well settled that a life tenant is required to pay taxes, make repairs, and pay interest on the mortgage, &c. Ivory v. Klein, 54 N. J. Eq. 379; 35 Atl. Rep. 346; affirmed, 55 N. J. Eq. 823; 41 Atl. Rep. 1115; Woolston v. Pullen, 88 N. J. Eq. 35; 102 Atl. Rep. 461; Asmus v. Asmus, 122 N. J. Eq. 485; 194 Atl. Rep. 884; affirmed, 125 N. J. Eq. 363; 5 Atl. Rep. (2d) 777; Coughlin v. Kennedy, 132 N. J. Eq. 383; 28 Atl. Rep. (2d) 417. R. S. 2:79–2: 'No tenant for life or years, or for any other term, shall, during the term, make or suffer any waste * * * without special license in writing, making mention that he may do it.' See Camden Trust Co. v. Handle, 132 N. J. Eq. 97; 26 Atl. Rep. (2d) 865.

"Since the life tenant, occupying a part of the house, collects the rents and profits, refuses to maintain the premises, upon whom then should the burden of maintenance fall? The will does not say. If, in the circumstances, the defendant's attitude were correct, there being no one charged with

maintenance, then the devise by the testatrix to her nieces under the fourth paragraph of the will was just an 'empty gesture'—practically made ineffective by the codicil. With no one assuming responsibility for the upkeep of the premises the mortgagee undoubtedly would be obliged to enforce his mortgage lien, or the municipality would assert its tax lien, or the premises would suffer waste or deteriorate from want of repair. The policy of the law is strongly at variance with the defendant's position. I do not believe that the testatrix entertained any such intention as defendant attributes to her when she executed the codicil. I feel such an assumption in the instant case to be inconceivable.

"If the testatrix wanted the defendant to keep and enjoy the rents and profits of the building she would have so stated. The codicil limits his right 'to occupy and enjoy the use of' the 'house'—not the rents or profits. I think that it was the thought and intention of the testatrix that the defendant should enjoy a normal life estate in the part of the house she occupied, and I believe that the words 'without cost or hindrance to him in any way' in effect are repetitious and are used by the testatrix to place emphasis on her intent that no payment should be imposed upon the defendant for his use and occupancy of the apartment and that his apartment should be rent free.

"I shall advise an order to this effect."

*Messrs. Lichtenstein & Engle,* for the appellant.

*Mr. Fred W. Diffenbach,* for the respondents.

PER CURIAM.

The decree under review will be affirmed, for the reasons expressed in the opinion of Vice-Chancellor Egan.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, PERSKIE, PORTER, COLIE, THOMPSON, DILL, JJ. 9.

*For modification*—DONGES, WELLS, RAFFERTY, JJ. 3.